IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT PENNEBAKER, | ) | 1:01-cv-05504-AWI-DLB-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION** |
| FRESNO COUNTY SHERIFF, et al., | ) | (Doc. 62) |
| | ) | |
| Defendants. | ) | |

   Plaintiff, Scott Pennebaker ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

   On May 12, 2006, the court issued an order requiring plaintiff to show cause, if any he has, why sanctions should not be imposed, which may include dismissal of this action, for his failure to comply with the court's order of March 1, 2006, requiring the filing of a status report regarding readiness for trial, and for his failure to prosecute, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order(s).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

2

1    alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
2    1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
3    Ghazali, 46 F.3d at 53.
4         In the instant case, the court finds that the public's
5    interest in expeditiously resolving this litigation and the court's
6    interest in managing the docket weigh in favor of dismissal as this
7    action has been pending since 2001.  The third factor, risk of
8    prejudice to defendants, also weighs in favor of dismissal, since a
9    presumption of injury arises from the occurrence of unreasonable
10   delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
11   522, 524 (9th Cir. 1976).  The fourth factor -- public policy
12   favoring disposition of cases on their merits -- is greatly
13   outweighed by the factors in favor of dismissal discussed herein.
14   Finally, a court's warning to a party that his failure to obey the
15   court's order will result in dismissal satisfies the "consideration
16   of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
17   1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
18   court's order of May 12, 2006, expressly stated: "Failure to
19   respond to this order to show cause will result in a recommendation
20   for dismissal of this action."  Thus, plaintiff had adequate
21   warning that dismissal would result from non-compliance with the
22   court's order(s).
23        Accordingly, the court HEREBY RECOMMENDS that this action be
24   DISMISSED based on plaintiff's failure to obey the court's order of
25   May 12, 2006.
26        These Findings and Recommendations are submitted to the United
27   States District Judge assigned to the case, pursuant to the
28   provisions of Title 28 U.S.C. § 636(b)(1).  Within **eleven (11) days**

3

1  after being served with these Findings and Recommendations,
2  plaintiff may file written objections with the court.  Such a
3  document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  Plaintiff is advised that failure
5  to file objections within the specified time may waive the right to
6  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7  (9th Cir. 1991).

8      IT IS SO ORDERED.

9      **Dated:   July 28, 2006**          **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE
   3c0hj8

4